UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
RICHIE A. STOKES, JR.,                                           **Docket No.:**

                              Plaintiff,

               -against-                                           **COMPLAINT**

WAYNE COUNTY, WAYNE COUNTY SHERIFF'S
OFFICE, DEPUTY THOMAS D'AMATO, DEPUTY R.
HARKINS, DEPUTY JOHN DOES #1-10, WAYNE
COUNTY DISTRICT ATTORNEY, WAYNE COUNTY           **JURY TRIAL**
ASSISTANT DISTRICT ATTORNEY JOHN DOES #1-10,     **DEMANDED**

                              Defendants.
-------------------------------------------------------------------------X

      Plaintiff, RICHIE A. STOKES, JR., by his attorneys, The Russell Friedman Law Group, LLP, as and for his Complaint respectfully alleges as follows:

## NATURE OF THE ACTION

      1.    This is an action for deprivation of Plaintiff RICHIE A. STOKES, JR.'s (hereinafter "Plaintiff") civil rights, committed by WAYNE COUNTY, WAYNE COUNTY SHERIFF'S OFFICE, DEPUTY THOMAS D'AMATO, DEPUTY R. HARKINS, DEPUTY JOHN DOES #1-10, WAYNE COUNTY DISTRICT ATTORNEY, WAYNE COUNTY ASSISTANT DISTRICT ATTORNEY JOHN DOES #1-10 (hereinafter, collectively "Defendants") while acting in concert and under color of state law, of Plaintiff's rights, liberties, and immunities as guaranteed to him by reason of the Fourth and Fourteenth Amendments to the United States Constitution and related pendant State Law claims as set forth below. This Court is authorized to grant Plaintiff relief under 42 U.S.C. §§ 1983 and 1988 and his pendant State Law claims.

## JURISDICTION

2. Jurisdiction in this matter is invoked in accordance with 28 U.S.C. § 1331, 28 U.S.C. § 1367 and 28 U.S.C. § 1343(3). Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims pursuant to 28 U.S.C. § 1376(a).

## VENUE

3. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the County of Wayne; the actual place of employment of all of the individual Police Officers is County of Wayne in the Western District of New York, and the County of Wayne is within the jurisdiction of the Western District of New York. The events surrounding this lawsuit occurred in the County of Wayne, in the Western District of New York. Additionally, Plaintiff resides within the County of Wayne in the Western District of New York.

## THE PARTIES

4. Plaintiff is a resident of the United States who lives within the Western District of New York.

5. Upon information and belief, at all relevant times described herein, Defendant, COUNTY OF WAYNE (hereinafter referred to as "WAYNE") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

6. Upon information and belief, at all relevant times described herein, Defendant, WAYNE, by its agents and/or employees operated, maintained and controlled the Wayne County Sheriff's Department, including all deputy sheriffs thereof.

7. Upon information and belief, at all relevant times described herein, Defendant WAYNE COUNTY SHERIFF'S OFFICE (hereinafter referred to as "SHERIFF'S OFFICE") is a subdivision and/or agency of Defendant WAYNE and has an office at 7376 Rt. 31, Suite 1000, Lyons, New York 14489.

8. Upon information and belief, at all relevant times described herein, Defendant DEPUTY SHERIFF THOMAS D'AMATO (hereinafter referred to as "D'AMATO"), is an individual and employee of WAYNE with an actual place of employ within the County of Wayne, State of New York.

9. Upon information and belief, at all relevant times described herein, Defendant DEPUTY SHERIFF R. HARKINS (hereinafter referred to as "HARKINS"), is an individual and employee of WAYNE with an actual place of employment within the County of Wayne, State of New York.

10. Upon information and belief, at all relevant times described herein, Defendant DEPUTY JOHN DOES #1-10 (hereinafter referred to as "DEPUTY JOHN DOES"), are individuals and employees of the WAYNE with an actual place of employment within the County of Wayne, State of New York.

11. Upon information and belief, at all relevant times described herein, Defendant WAYNE COUNTY DISTRICT ATTORNEY (hereinafter referred to as "DA"), is an individual and employee of WAYNE with an actual place of employment within the County of Wayne, State of New York.

12. Upon information and belief, at all relevant times described herein, Defendant WAYNE COUNTY ASSISTANT DISTRICT ATTORNEY JOHN DOES #1-10 (hereinafter

referred to as "ADA JOHN DOES") are individuals and employees of WAYNE with an actual place of employment within the County of Wayne, State of New York.

13. Upon information and belief, at all relevant times described herein, Defendants D'AMATO, HARKINS and JOHN DOES were acting within the scope of their employment as Wayne County Deputy Sheriffs.

14. Upon information and belief, at all relevant times described herein, Defendants DA and ADA JOHN DOES were acting within the scope of their employment as Wayne County prosecutors.

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

15. On December 13, 2016, Plaintiff was lawfully present at 111 Geneva Street, Lyons, New York, County of Wayne, State of New York, when he was unlawfully stopped by HARKINS and D'AMATO.

16. Plaintiff was a lawful pedestrian and was not operating a motor vehicle at the time of HARKINS and D'AMATO's unlawful seizure.

17. HARKINS and D'AMATO were purportedly responding to a "call for a vehicle and traffic complaint of an orange pick-up truck with a black male driver yelling and making noise."

18. HARKINS and D'AMATO's pretext for stopping Plaintiff was a fabrication.

19. Upon Plaintiff contesting HARKINS and D'AMATO's false allegations and demanding that they substantiate their false statements, HARKINS directed Plaintiff "to get walking otherwise you're going to get some discon tickets for being drunk in public."

20. Despite Plaintiff's lawful compliance with HARKINS' order, HARKINS proceeded to further threaten and harass Plaintiff.

21. HARKINS stated that "you [Claimant] will be getting a ticket because your back tires are on the road." Plaintiff told HARKINS and D'AMATO that he would advise the owner of the vehicle.

22. Immediately thereafter, without probable cause and/or any lawful authority, HARKINS and D'AMATO falsely arrested and falsely charged Plaintiff with having violated VTL § 1192(3), driving while intoxicated.

23. HARKINS and D'AMATO prepared false instruments in order to insulate themselves from their unlawful and unconstitutional conduct.

24. HARKINS and D'AMATO fabricated false criminal charges. There was no legitimate basis and/or lawful authority for the criminal charges brought against Plaintiff.

25. As a result of Defendants' unlawful conduct, Plaintiff was remanded and was incarcerated despite the fact that he had committed no crime nor broken any law for which he was charged.

26. HARKINS and D'AMATO conspired and concocted the trumped-up allegation of wrongdoing.

27. Despite knowing that the criminal charges were without legal basis, DA and/or ADA JOHN DOES continued the prosecution of the charge. The initiation and continuation of the criminal charge was performed by an as yet identified assistant district attorney.

28. That the initiation and continuation of the criminal charge was to insulate HARKINS and D'AMATO from liability for their illegal conduct and/or unconstitutional actions. DA and/or ADA JOHN DOES continued the prosecution of Plaintiff for nine (9) months with full knowledge of the falsity of the charges. During which, Plaintiff was deprived of his

liberty, caused to suffered economic hardship, physical harm, mental anguish, pain and suffering, exposed to disgrace, public humiliation and embarrassment.

29. On or about September 12, 2017, all charges relating to the December 13, 2016 arrest were dismissed.

30. In an attempt to silence and chill Plaintiff, SHERIFF'S OFFICE and DEPUTY JOHN DOES, various as yet identified Deputies, have and continue to intimidate and harass Plaintiff. SHERIFF'S OFFICE and its personnel stalk, harass and intimidate Plaintiff by doing drive-bys; sitting in their patrol vehicles outside the home of Plaintiff; following Plaintiff; and threatening Plaintiff with arrest and criminal charges.

31. The above conduct has been and is known to WAYNE. Despite this knowledge, WAYNE has failed to take any action.

32. Pursuant to the New York State General Municipal Law, Plaintiff served a Notice of Claim upon WAYNE within the 90-day statutory period, giving Notice of these claims to the extent required by Law.

33. Pursuant to Section 50-h of the New York State General Municipal Law, Plaintiff appeared for a hearing that was conducted on behalf of WAYNE.

## AS AND FOR COUNT ONE
## 42 U.S.C. § 1983
## FOURTH, FIFTH, AND FOURTEENTH AMENDMENT VIOLATIONS
## FALSE ARREST, EQUAL PROTECTION AND DUE PROCESS

34. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth a length herein.

35. Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES acting under color of law and powers prescribed to them by the United

States Constitution, federal and state laws, violated the Fourth, Fifth, and Fourteenth Amendment, by subjecting Plaintiff to unequal treatment under the law, by way of their unauthorized and false arrest, assault, unduly forceful restraint, and excessive use of force. Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES' improper and wrongful arrest was without any violation of the law and absent probable cause or any reasonable suspicion of any criminal activity having been committed by Plaintiff.

36. On or about December 13, 2016, Plaintiff was falsely arrested, falsely seized, and falsely detained, deprived of his freedom, unlawfully imprisoned by Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES in violation of the civil and constitutional rights afforded to him via the Fourth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. § 1983. All acts by Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES were committed under color of law, thus depriving Plaintiff of rights secured by federal law and the United States Constitution.

37. On or about December 13, 2016, Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES falsely arrested, falsely seized, falsely detained, and assaulted Plaintiff, thus depriving him of his freedom and violating his civil rights. Said seizure was made without probable cause, as Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES were of the knowledge that Plaintiff had committed no crime.

38. Such seizure, arrest, and detention was ordered, directed, and carried out by Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES, all of whom who actively instigated and encouraged the violation of Plaintiff's rights.

39. Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES each took an active role in creating and manufacturing the allegations against Plaintiff, solely for the purpose of depriving Plaintiff of his freedom, and not to effectuate justice.

40. As part of the false arrest, detention, and accusations, Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES caused Plaintiff to be deprived of his liberty, without probable cause. Furthermore, as a direct result of said actions, Plaintiff was unjustly exposed to disgrace, public humiliation, injury and embarrassment.

41. Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that there was no evidence to support any allegation that he had violated New York VTL § 1192(3).

42. In arresting and detaining Plaintiff, Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES knew or should have known they were violating federal law and Plaintiff's constitutional rights set forth herein and had failed to prevent the same and, therefore, acted in concert to harm Plaintiff.

43. Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and each of Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES, separately and in concert, acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of his right to freedom from illegal seizure of his person, freedom from illegal detention and imprisonment; all rights

that are secured to Plaintiff by the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, and by 42 U.S.C. § 1983.

44. As a direct and proximate result of the aforesaid acts of Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES, Plaintiff suffered great physical harm, mental anguish and violation of rights from then until now and he will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES.

45. Plaintiff was forced to incur great expense and special damages to date for his injuries, attorney's fees, investigation expenses, loss and other expenses in clearing his name against the unfounded and unwarranted allegations by Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES which have been a serious burden to Plaintiff.

46. As a result of said baseless false arrest and abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily in his incurring of medical fees, attorney fees, lost business opportunities, and other expenses incurred.

47. As a proximate result of Defendants WAYNE, SHERIFF'S OFFICE, D'AMATO, HARKINS and DEPUTY JOHN DOES' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

### AS AND FOR COUNT TWO
### FOR EXCESSIVE FORCE (1983)
### AGAINST HARKINS AND D'AMATO

48. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth a length herein.

49. HARKINS and D'AMATO used unreasonable force throughout Plaintiff's arrest on or about December 13, 2016.

50. HARKINS and D'AMATO, with willful and malicious intent, assaulted Plaintiff.

51. HARKINS and D'AMATO'S actions were intentionally, recklessly and/or negligently done to intimidate and did cause Plaintiff physical and emotional distress.

52. The excessive force used by HARKINS and D'AMATO in Plaintiff's arrest and detention was conducted under color of state law within the purview of 42 U.S.C. § 1983, and Plaintiff has suffered damages therefrom.

53. The excessive force used in the arrest was an abuse of power, constituted a seizure within the meaning of the Fourth Amendment and deprived Plaintiff of his liberty. The seizure and deprivation of Plaintiff's liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

54. As a proximate result of HARKINS and D'AMATO'S intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR COUNT THREE
## AGAINST WAYNE (MONELL CLAIM)

55. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

56. Upon information and belief, it was the custom, policy and practice of WAYNE to tolerate, condone, and encourage constitutional violations, such as those alleged by Plaintiff herein, by failing to properly punish, charge, reprimand, and investigate allegations and incidents of misconduct by Deputy Sheriffs.  Further, WAYNE has a policy, practice, and pattern of conduct of de facto indemnification against civil liability for its Deputy Sheriffs.  Said policy is known to Sheriffs and has a direct impact on their actions.

57. Employees of SHERIFF'S OFFICE, such as the individual Defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

58. By failing to supervise, train and reprimand such Deputy Sheriffs, WAYNE caused the injuries to Plaintiff through the actions and inactions of the individual Defendants.

59. Upon information and belief, it was the custom, policy and practice of WAYNE to authorize and permit certain Deputy Sheriffs, including the individual Defendants, to cause the search and seizure of Plaintiff's person despite the lack of a warrant or any other justification that would justify the search and seizure.

60. Upon information and belief, it is the custom, policy and practice of WAYNE to encourage and cause constitutional violations by Deputy Sheriffs employed by WAYNE, including the violations of Plaintiff's constitutional rights by the individual Defendants.

61. WAYNE's failure to take action against the Deputy Sheriffs involved in this incident and in other similar incidents was part of a custom, practice and procedure of neglect and deliberate indifference that directly caused the injuries to Plaintiff.

62. Deputy Sheriffs, including the individual Defendants, conduct arrests using unnecessary and excessive force, illegal searches and seizure of arrestees, such as Plaintiff, which constitutes a custom, policy and policies which renders Defendant, WAYNE, an authorized representative of the individual Defendant Deputy Sheriffs, liable to Plaintiff as a "Person" acting under the color of state law.

63. These customs, policies and practices were enforced by Defendants and were the moving force, proximate cause, or affirmative link behind the conduct causing Plaintiff's injuries.

64. WAYNE is therefore liable for violations of Plaintiff's constitutional rights as caused by Defendants, as described in more detail herein; and Plaintiff has suffered damages therefrom.

65. As a proximate result of WAYNE'S customs, policies and practices for creating an environment that tolerates, encourages, and condones such constitutional violations, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus attorney's fees pursuant to Title 42 § 1988.

### AS AND FOR COUNT FOUR
### VIOLATION OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS (1983) AGAINST WAYNE, HARKINS, D'AMATO, AND DEPUTY JOHN DOES

66. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

67. Defendants trumped up false charges against Plaintiff in order to cover up their excessive force and assault.

68. As a result of this his arrest, Plaintiff was denied his substantive rights under the Untied States Constitution and the New York State Constitution.

69. As a proximate result of Defendants' actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

### AS AND FOR COUNT FIVE
### VIOLATION OF PLAINTIFF'S
### PROCEDURAL DUE PROCESS (1983)
### AGAINST WAYNE, HARKINS, D'AMATO AND DEPUTY JOHN DOES

70. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

71. As a result of his arrest, Plaintiff was denied his procedural right under the Untied States Constitution and the New York State Constitution.

72. As a proximate result of Defendants' actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other

special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR COUNT SIX
## VIOLATIONS OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS FOR MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS

73. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

74. On or about sometime after December 13, 2016, Plaintiff was arraigned and charged with numerous criminal charges.

75. As a result of the malicious prosecution, Plaintiff was required to pay for the services of a criminal defense attorney at a substantial cost to him.

76. As a result of the false and unlawful charges, Plaintiff was required to make multiple appearances in Court.

77. Defendants participated in the investigations of allegations against Plaintiff, as well as the criminal prosecution against him.

78. The criminal prosecution was commenced despite Defendants' knowledge that Plaintiff did not participate in the alleged crimes and that probable cause for the arrest and initiation of the prosecution did not exist.

79. The criminal prosecution was continued after Defendant(s) knew that no probable cause for the original arrest and/or initiation of the prosecution existed.

80. By participating in the arrest and prosecution which they knew lacked probable cause, Defendants acted with malice against Plaintiff.

81. Defendant(s) prosecuted Plaintiff with malice independent of their lack of probable cause.

82. The prosecution of Plaintiff was terminated favorably to him.

83. As a result of Defendants' malicious prosecution, Plaintiff's Fourth and Fourteenths Amendment rights were violated.

84. As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR COUNT SEVEN
## ASSAULT AND BATTERY (PENDANT)
## AGAINST WAYNE, HARKINS, D'AMATO AND DEPUTY JOHN DOES

85. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

86. The aforestated actions of Defendants amounted to an assault and battery of Plaintiff.

87. Plaintiff did not consent to the harmful and/or offensive touching by Defendants.

88. As a result of the aforementioned actions of Defendants, Plaintiff suffered physical and emotional injuries.

89. Defendants' actions were intentionally, recklessly and/or negligently done to intimidate and did cause physical pain and emotional distress to Plaintiff.

90. At all times mentioned, Defendants were acting within the scope of their employment as Deputy Sheriffs.

91. At all times mentioned, all officers and employees of WAYNE were acting within the scope of their employment.

92. At all times mentioned, the officers and employees were employed by Defendant WAYNE.

93. The actions of the Deputy Sheriffs and employees, which were performed within their scope of employment, creates liability against Defendant, WAYNE, under New York State Law.

94. Consequently, Defendant, WAYNE, is liable under *respondeat superior* for the actions of its employees.

95. As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in an amount to be provided at trial but no less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR COUNT EIGHT
## NEGLIGENT HIRING, IMPROPER SUPERVISION, AND IMPROPER RETENTION (PENDANT) AGAINST WAYNE

96. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

97. Upon information and belief, it was the custom, policy and practice of WAYNE to hire certain Deputy Sheriffs, including HARKINS, D'AMATO, and DEPUTY JOHN DOES without conducting the appropriate background checks, investigations and psychological evaluations.

98. Upon information and belief, it was the custom, policy and practice of WAYNE to conduct inadequate investigations of Deputy Sheriff candidates as was done with HARKINS, D'AMATO and DEPUTY JOHN DOES.

99. Upon information and belief, it was the custom, policy and practice of WAYNE to inadequately supervise the actions and conduct of officers, including Defendants, HARKINS, D'AMATO, and DEPUTY JOHN DOES.

100. Upon information and belief, it was the custom, policy and practice of WAYNE to continue to employ Deputy Sheriffs, including Defendants, HARKINS, D'AMATO, and DEPUTY JOHN DOES, after it is known that such Deputy Sheriffs consistently violate the constitutional rights of persons such as Plaintiff.

101. These customs, policies and practices were the moving force, proximate cause, or affirmative link behind the conduct causing Plaintiff's injuries.

102. WAYNE is therefore liable for violations of Plaintiff's constitutional rights as caused by Defendants as described in more detail in the foregoing paragraphs; and Plaintiff has suffered damages therefrom.

103. As a proximate result of Defendant's customs, policies and practices for negligent hiring, improper supervision and improper retention of officers, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than TEN MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands the following relief:

A. Under COUNT ONE, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees.

B. Under COUNT TWO, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees.

C. Under COUNT THREE, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus attorney's fees.

D. Under COUNT FOUR, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees.

E. Under COUNT FIVE, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees.

F. Under COUNT SIX, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees.

G. Under COUNTY SEVEN, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees.

H. Under COUNTY EIGHT, in the amount of TEN MILLION ($10,000,000.00) DOLLARS plus punitive damages and attorney's fees.

Dated: Lake Success, New York
March 9, 2018

Respectfully Submitted,
**THE RUSSELL FRIEDMAN LAW GROUP, LLP**
*Attorneys for Plaintiff*

By:   /S/Charles Horn
Charles Horn
3000 Marcus Avenue, Suite 2E03
Lake Success, New York 11042
Tel: 516.355.9696